## CHRISTOPHER v. WILLIAM T. KEOGH AMUSEMENT CO.

(Supreme Court, Appellate Term.  June 28, 1906.)

1. NEGLIGENCE—PLEADINGS—ADMISSION—EFFECT.

Where, in an action for injuries to a pedestrian on a sidewalk, struck by a section of a wooden ladder falling from a building belonging to defendant, the answer admitted the allegation of the complaint that defendant was in "possession and occupation" of the premises with the building thereon, evidence that the wooden ladders were used by a lessee, independent of defendant, in the building, or a portion thereof, was inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Alexander Christopher against the William T. Keogh Amusement Company.  From a judgment for defendant, plaintiff appeals.  Reversed, and new trial granted.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Adam K. Stricker, for appellant.

Frederick E. Fishel, for respondent.

GILDERSLEEVE, J. The plaintiff sues for damages arising from the alleged negligence of the defendant. The jury found for defendant. Plaintiff appeals. The plaintiff was walking on the sidewalk on Eighth avenue between Forty-First and Forty-Second streets, in front of a building belonging to defendant, and commonly known as the American Theater. A piece of wood, being the section of a wooden ladder, fell from said building, and caused the injuries complained of. Plaintiff was struck on the head and considerably hurt. Defendant's employés swore that there was no wooden ladder owned or used by defendant in said building, but that work was being done in a portion of the building used as a dance hall, where wooden ladders were in use, which dance hall was leased to a third party, by whom the work was being done, and that defendant had nothing to do with said work. The plaintiff objected to the admission of this evidence as to an independent lessee, and excepted to the ruling of the court admitting the same. The complaint alleged that defendant was "in possession and occupation of the premises, with the buildings thereon, known as the American Theater, located on Eighth avenue, between Forty-First and Forty-Second streets, in the borough of Manhattan, and city of New York." This allegation is admitted in the answer. The defendant, therefore, is bound by its admission that it is in possession and occupation of these premises, with the buildings thereon, which include not only that portion of the building which is actually used as a theater, but also the portion alleged to be used as a dance hall. The wooden ladder, or section of wooden ladder, fell from defendant's building, and the only explanation given by defendant was the evidence of the wooden ladders being used by a lessee, independent of defendant, in said building, or a portion thereof. It seems to us that, under the answer, such evidence was inadmissible. That it must have materially prejudiced plaintiff admits of no doubt.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.